UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. MACK,<br><br>    Plaintiff,<br><br>v.<br><br>THE WASHINGTON POST COMPANY,<br><br>    Defendant. | Civil Action No.: 06-1144 (PLF) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant WP Company, LLC, d/b/a The Washington Post ("The Post"), improperly pled as The Washington Post Company, by its undersigned counsel, files the following Answer and Affirmative Defenses to Plaintiff's Complaint:

### PARTIES

1. The Post admits that Plaintiff worked as a part-time, on-call security guard at its production facility located in the Commonwealth of Virginia from November 1999 through May 2006. The Post is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 1 of the Complaint, and therefore denies those allegations.

2. The Post admits that it is a company doing business in the District of Columbia and the Commonwealth of Virginia, and that its principal place of business is the District of Columbia. The Post denies any remaining allegations contained in Paragraph 2 of the Complaint.

3. The allegations contained in Paragraph 3 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed necessary, the allegations are denied.

## JURISDICTION

4. The allegations contained in Paragraph 4 of the Complaint are legal conclusions to which no responsive pleading is required.

## FACTS

5. The Post admits the allegations contained in Paragraph 5 of the Complaint.

6. The Post admits that Plaintiff worked more than 1250 hours for The Post in the twelve month period preceeding May 8, 2006. The Post denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. The Post denies the allegations contained in Paragraph 7 of the Complaint.

8. The Post denies the allegations contained in Paragraph 8 of the Complaint.

9. The Post denies the allegations contained in Paragraph 9 of the Complaint.

10. The Post admits that it terminated Plaintiff's employment on or about May 8, 2006. The Post denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. The allegations contained in Paragraph 11 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed necessary, the allegations are denied.

12. The Post admits that it terminated Plaintiff's employment on or about May 8, 2006. The Post denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. The Post denies the allegations contained in Paragraph 13 of the Complaint.

14. The Post denies the allegations contained in Paragraph 14 of the Complaint.

15. The Post is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 15 of the Complaint, and therefore denies those allegations.

16. The allegations contained in Paragraph 16 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed necessary, the allegations are denied.

17. The Post denies the allegations contained in Paragraph 17 of the Complaint.

18. The allegations contained in Paragraph 18 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed necessary, the allegations are denied.

## COUNT I

19. The Post hereby incorporates its responses to Paragraphs 1-18 of the Complaint, above, as if fully set forth herein.

20. The Post denies the allegations contained in Paragraph 20 of the Complaint.

## COUNT II

21. The Post hereby incorporates its responses to Paragraphs 1-20 of the Complaint, above, as if fully set forth herein.

22. The Post denies the allegations contained in Paragraph 22 of the Complaint.

The Post denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph following Paragraph 22 of the Complaint, including sub-paragraphs (1)-(6), or any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Post had legitimate, non-discriminatory, non-retaliatory business reasons for any actions taken with respect to Plaintiff's employment, and such actions were not taken in violation of, or to deny Plaintiff the benefit of, any alleged rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").

## THIRD AFFIRMATIVE DEFENSE

The Post at all times referenced by Plaintiff acted in good faith with regard to Plaintiff's alleged FMLA rights.

## FOURTH AFFIRMATIVE DEFENSE

The Post did not interfere with, restrain, or deny the exercise, or the attempted exercise, of any alleged right under the FMLA.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief under the FMLA because Plaintiff did not qualify for FMLA leave and/or did not comply with the requirements of the FMLA.

## SIXTH AFFIRMATIVE DEFENSE

Assuming Plaintiff was entitled to FMLA leave, Plaintiff failed to request leave and/or give notice to his employer of the need for such leave as required by the FMLA.

## SEVENTH AFFIRMATIVE DEFENSE

Assuming Plaintiff was entitled to FMLA leave, Plaintiff failed to notify his employer of such foreseeable leave as required by the FMLA.

### EIGHTH AFFIRMATIVE DEFENSE

Assuming Plaintiff was entitled to FMLA leave, Plaintiff failed to make a reasonable effort to schedule his leave so as to not unduly interrupt the operations of his employer, as required by the FMLA.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with his employer's reasonable policies regarding FMLA leave.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff did not present proper certification for the leave he alleges that he sought. The Post satisfied any and all possible rights Plaintiff alleges he was due under the FMLA.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any statutory, compensatory, punitive or liquidated damages as a matter of law.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are speculative, and are unavailable as a matter of law.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Post reserves the right to assert any additional defenses revealed through discovery in this case.

To the extent any allegations contained within the Complaint have not been admitted or denied, they are hereby denied.

WHEREFORE, The Post denies that it is liable on any claim made in the Plaintiff's Complaint, requests that the Court grant Plaintiff no relief by way of the Complaint, requests that the Complaint be dismissed with prejudice, and requests judgment in its favor together with costs and fees.

DATED:     July 17, 2006

                                                         /s/_____
Jacqueline M. Holmes (D.C. Bar No. 450357)
Michelle N. Johnson (D.C. Bar No. 491910)
JONES DAY
51 Louisiana Avenue N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

ATTORNEYS FOR DEFENDANT