UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. MACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 06-1144 (PLF) |
| ) | |
| THE WASHINGTON POST COMPANY, ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |
| ) | |

## THE PARTIES' REPORT FOR SCHEDULING ORDER

Pursuant to this Court's July 17, 2006 Order, and Local Rule 16.3 of the Rules of Practice for the United States District Court for the District of Columbia, the parties, through their undersigned counsel, hereby respectfully submit the following report for scheduling order:

**1.  Brief Statement of the Case and Statutory Basis for All Causes of Action**

On June 23, 2006, Plaintiff William A. Mack filed this action under the federal Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (hereinafter, "FMLA") contending that Defendant WP Company, L.L.C., d/b/a The Washington Post (improperly pled as The Washington Post Company, hereinafter "Defendant") terminated Plaintiff's employment in violation of the FMLA. On July 17, Defendant filed its Answer and Affirmative Defenses to the Complaint.

2. **Rule 16.3(c) matters**

   (1) **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

   Defendant believes that the case may be resolved by dispositive motion at the conclusion of discovery. To date, no dispositive motions have been filed.

   (2) **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

   The parties agree that all parties shall be joined, and pleadings amended, by September 22, 2006.

   (3) **Whether the case should be assigned to a magistrate judge for all purposes.**

   The parties do not seek appointment of a magistrate judge.

   (4) **Whether there is a realistic possibility of settling this case.**

   The parties agree that there may be a possibility of resolving this matter short of further litigation.

   (5) **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures.**

   The parties believe that this matter could benefit from participation in the Court's alternative dispute resolution procedures, or some other form of ADR. Both Plaintiff and Defendant have agreed to participate in ADR if ordered by the Court. The parties agree that participation in ADR may require changes to the dates set forth in the proposed scheduling order attached hereto.

(6) **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Defendant believes that this matter may be resolved by a summary judgment motion filed at the close of discovery. The parties' proposed scheduling order, attached hereto, proposes that such motions be filed on or before April 5, 2007.

(7) **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form, or timing of those disclosures.**

The parties agree that initial disclosures should be made on or before September 6, 2006.

(8) **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties agree that discovery will consist of written interrogatories, requests for production of documents, requests for admissions, and depositions within the limits provided for by the Federal Rules of Civil Procedure and the Local Rules governing practice before this Court. The parties also agree that, given the medical issues involved in the case, expert testimony may be necessary. The attached proposed discovery schedule proposes a deadline of January 19, 2007 for the completion of all fact discovery, and March 5, 2007 for the completion of expert depositions.

The parties agree that a protective order may be necessary to ensure the confidentiality of certain of Plaintiff's medical information, and to ensure the confidentiality of certain proprietary business information that may be requested in discovery. To the extent that such an order is needed, the parties agree to attempt in good faith to negotiate one between themselves and submit it to the Court for consideration and approval.

(9)    **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties agree that Plaintiff shall submit his expert report(s) to Defendant on or before January 5, 2007, and that Defendant shall submit any expert reports to Plaintiff on or before February 5, 2007. Plaintiff and Defendants shall agree to a mutually convenient schedule to depose the parties' respective experts, but have agreed to complete such depositions by March 5, 2007.

(10)   **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

This matter has not been brought as a class action.

(11)   **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

At this point, the parties agree that bifurcation of discovery and trial is unnecessary..

(12)   **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties' propose that the pretrial conference occur within 14 days after the Court's ruling on any dispositive motions. If no such motions are filed, the parties agree that the conference should occur on or about April 15, 2007.

(13)   **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties propose that a trial date be set at the pretrial conference.

(14)   **Other Matters Appropriate for Consideration**

At this time, the parties have no other matters for the Court's consideration.

Dated: August 15, 2006

Respectfully submitted,

| | |
|---|---|
| _____/s/_____ | _____/s/_____ |
| Nils G. Peterson | Jacqueline M. Holmes (D.C. Bar No. 450357) |
| 2009 North 14th Street, N.W. | Michelle N. Johnson (D.C. Bar No. 491910) |
| Suite 708 | JONES DAY |
| Arlington, Virginia 22201 | 51 Louisiana Avenue, N.W. |
| Telephone: (703) 527-9900 | Washington, D.C. 20001-2113 |
| Facsimile: (703) 522-1250 | Telephone: (202) 879-3939 |
| | Facsimile: (202) 626-1700 |
| Attorneys for Plaintiff | Attorneys for Defendant |