UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

WILLIAM A. MACK                       :
                                      :
    Plaintiff,                        :
                                      :
v.                                    :    CA No.  06-1144 (PLF)
                                      :
WP COMPANY, L.L.C.                    :    Jury Trial Demanded
dba THE WASHINGTON POST               :
                                      :
    Defendant.                        :

### AMENDED COMPLAINT FOR DISCRIMINATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

#### PARTIES

1. Plaintiff is a citizen of the State of Maryland and at all times pertinent hereto was employed by Defendant in the Commonwealth of Virginia.

2. Defendant, WP Company, LLC dba The Washington Post, is a company doing business in the District of Columbia and Commonwealth of Virginia at all times material hereto. Defendant's principal place of business is the District of Columbia.

3. Plaintiff brings this action under the provisions of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"), which, among other things, protects the job security of employees and family members with serious health conditions requiring temporary leave and to redress the deprivation of rights secured by that Act.

#### JURISDICTION

4. This Court has jurisdiction pursuant to 29 U.S.C. §2617.

## FACTS

5. Defendant, at all times relevant, employed 50 or more employees and is an employer within the meaning of 29 U.S.C. §2611(4).

6. Plaintiff is an eligible employee within the meaning of 29 U.S.C. §2611(2); he was employed for more than 1250 hours per year by Defendant from 1999 until May 8, 2006.

7. In the course of his employment by Defendant, Plaintiff's performance was satisfactory.

8. Plaintiff became ill in 2001 and was diagnosed with Sarcoid. He informed his manager of his illness and time needed for medical treatment on an intermittent basis.

9. Plaintiff took leave for his illness on an intermittent basis after July 2002.

10. On May 8, 2006 Plaintiff was informed that he was being terminated because he used too much sick leave.

11. Illness due to the medical condition sarcoid which required Plaintiff to be regularly treated by his doctor and to receive steroid shots and which led to Plaintiff being ill from time to time and developing hypertension, loss of hair, facial swelling and other effects constitutes a "serious health condition" under the FMLA.

12. Defendant fired Plaintiff causing a loss of income and benefits.

13. It is believed that Defendant claims Plaintiff's termination was due to missing too much work because of sickness.

14. Defendant's reason for terminating Plaintiff is a pretext; Defendant terminated Plaintiff for having taken medical leave and in order to interfere with Plaintiff's rights to medical leave under the FMLA.

15. Plaintiff was under the continuing care of a physician for his medical condition.

16. Under the FMLA, Defendant was forbidden to interfere with Plaintiff's right to medical leave under the FMLA.

17. Plaintiff was terminated in violation of his rights under the FMLA.

18. The aforementioned acts of the Defendant are in violation of the Family and Medical Leave Act, 29 U.S.C. §2615.

### COUNT I

19. Plaintiff restates, realleges and hereby incorporates paragraphs 1 through 18.

20. Plaintiff alleges that Defendant unlawfully and discriminatorily terminated his employment and otherwise discriminated against him in violation of 29 U.S.C. §2615(a)(2) because of his use of family leave for serious medical conditions justifying an award, inter alia, of back pay, benefits, interest and any and all other damages that he is entitled to under law against Defendant.

### COUNT II

21. Plaintiff restates, realleges and hereby incorporates paragraphs 1 through 20.

22. Plaintiff alleges that Defendant unlawfully and

discriminatorily sought to interfere with Plaintiff's attempts to exercise his legal rights in violation of 29 U.S.C. §2615(a)(1) because of his use of and future use of about medical leave, justifying an award, inter alia, of back pay, interest and any and all other damages that he is entitled to under law against Defendant.

WHEREFORE, Plaintiff prays that this Court exercise jurisdiction over his claim and award: (1) Full legal relief under the FMLA, (2) damages to make the Plaintiff whole as before Defendant's actions, (3) prejudgment interest, (4) liquidated damages equal to the amounts awarded under (1), (2), and (3) as allowed by statute, (5) attorneys costs and fees as specifically provided in 29 U.S.C. §2617(a)(3) and (6) such additional relief, such as reinstatement and payment of improperly denied benefits, as may be necessary and proper.

**JURY**

Plaintiff requests a jury trial on all issues triable by jury.

William A. Mack
By Counsel

\_\_\_\_\_-s-_____
Nils G. Peterson
DC Bar No. 295261
2009 N. 14th Street, Suite 708
Arlington, VA   22201
(703) 527-9900

CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing was sent by facsimile and U.S. Mail, postage prepaid, this  20 day of November 2006, to:

Jacqueline Homes
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C.   20001-2113

                                                        _____-s-_____
                                                             Nils Peterson