## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM A. MACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 06-1144 (PLF) |
| | ) | |
| WP COMPANY, L.L.C., d/b/a , | ) | Jury Trial Demanded |
| THE WASHINGTON POST | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1,

Defendant, WP Company, L.L.C. d/b/a The Washington Post, hereby moves for summary

judgment on Plaintiff William A. Mack's claims under the Family and Medical Leave Act

("FMLA"), 29 U.S.C. § 2601 *et seq..* As set forth more fully in the attached Memorandum of

Points and Authorities, Mack cannot state a claim as a matter of law.

Mack claims that, by removing him from The Post's part-time on-call roster of security

guards in May 2006, The Post interfered with his FMLA rights, or discriminated against him for

attempting to exercise those rights. However, Mack's own admissions that he failed to give

advance notice of leave that was foreseeable, that he failed to make an effort to schedule his

intermittent leave at a time least disruptive to The Post's operations, and that he failed to request

FMLA leave at all establish that none of his absences are covered by the FMLA. Mack's

admission that he never requested FMLA leave demonstrates that The Post cannot possibly have

retaliated against him for doing so. And his admission that the vast majority of his absences

were unrelated to sarcoidosis, which is the only serious health condition that he claims to have

experienced, establishes a complete defense to his claims: The Post would have made the same

decision about Mack's employment regardless of whether he was absent on the days that he now

claims were FMLA-covered.  These admissions completely foreclose any claim that The Post

interfered with Mack's FMLA rights, or discriminated against him for attempting to exercise

those rights.  Accordingly, The Post is entitled to summary judgment on both of Mack's claims.


Dated:  June 7, 2007                                        Respectfully submitted,


                                                            ___/s/ Jacqueline M. Holmes
                                                            Jacqueline M. Holmes
                                                            JONES DAY
                                                            51 Louisiana Avenue, N.W.
                                                            Washington, D.C.  20001-2113
                                                            (202) 879-3939 (telephone)
                                                            (202) 626-1700 (telecopy)

                                                            Attorneys for Defendant
                                                            The Washington Post

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June 2007, a true and correct copy of the foregoing

Motion for Summary Judgment, along with the accompanying Statement of Undisputed Material

Facts, Memorandum of Points and Authorities, and proposed Order, was electronically filed.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.


_____/s/ Tonya Michelle Osborne_____