# EXHIBIT E

# County of Fairfax, Virginia

To protect and enrich the quality of life for the people, neighborhoods and diverse communities of Fairfax County

May 31, 2006

Ms. Ann Werner
Vice President & Counsel
Washington Post Company,
1150 15th St., N.W., Washington, DC 20071

RE:   HRC #2006112E/EEOC #10DA600075
      Mack v. Washington Post Company

Dear Ms. Werner:

This letter is to notify you and/or the corporate officers of your company that a charge alleging a violation of Chapter 11 of the Code of the County of Fairfax, Virginia, has been filed with the Human Rights Commission ("the Commission") by Mr. William A. Mack. The Human Rights Ordinance, Chapter 11, Code of the County of Fairfax, Virginia, prohibits discrimination on the basis of race, sex, age, marital status, national origin, religion or disability in credit facilities, education, employment, housing and public accommodations. The Commission staff is empowered by the Ordinance to investigate discrimination complaints. A copy of the above-referenced complaint is enclosed.

As a preliminary alternative that might lead to a quick and amicable resolution of this case, the Commission offers an alternative dispute resolution ("ADR") program in which you are invited to participate. The process used in the program is called Mediation, an informal process wherein interested opposing parties can elect to have an impartial, neutral third party (i.e., a mediator) mediate the complaint. During the mediation conference, the mediator, who has no vested interest in the outcome, assists opposing parties in reaching a completely voluntary, mutually satisfactory resolution of a complaint. If you choose to participate in the program and the mediation is successful, the complaint will be withdrawn from the Commission. If mediation is unsuccessful, or if either party declines to participate and the complaint remains with the Commission, a full investigation of the allegations will be conducted and a finding issued.

If you are interested in participating in the mediation of this case under the auspices of the Commission's ADR program, please sign and return the enclosed *Agreement to Mediate* form to the attention of the human rights specialist assigned to this case by **June 14, 2006.**

**Human Rights Commission**
12000 Government Center Parkway, Suite 318
Fairfax, Virginia 22035-0093
Phone: (703) 324-2953 ♦ Fax: (703) 324-3570 ♦ TTD: (703) 324-2900
www.fairfaxcounty.gov/hrc

# County of Fairfax, Virginia

To protect and enrich the quality of life for the people, neighborhoods and diverse communities of Fairfax County

## INFORMATION AND RECORDS REQUEST

RE:  HRC #2006112E/EEOC #10DA600075
     Mack v. Washington Post Company

Pursuant to the investigation into the above-referenced case, I request that the following information be submitted to the Human Rights Commission:

1. With respect to the person answering this Information and Records Request, state his or her name, title, address, and telephone number.

2. With respect to the respondent company, state:

    (a)  The full corporate name and address;

    (b)  The address of each of its business locations in Fairfax County, Virginia;

    (c)  The names, addresses, and titles of all of its corporate officers and directors;

    (d)  The name, address, and title of the person chiefly responsible for the operation of the corporation;

    (e)  The name, address, and title of the person who has the ultimate authority to enter into a settlement agreement in this matter;

    (f)  Whether or not another corporation wholly or partially owns the corporate stock;

    (g)  The total number of individuals employed by the company, including part-time and/or temporary employees; and

    (h)  The total number of individuals employed by the company, including part-time and/or temporary employees, located in Fairfax County, Virginia.

**Human Rights Commission**
12000 Government Center Parkway, Suite 318
Fairfax, Virginia 22035-0093
Phone: (703) 324-2953 ♦ Fax: (703) 324-3570 ♦ TTD: (703) 324-2900
www.fairfaxcounty.gov/hrc

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PERSON FILING CHARGE |
|---|---|
| | William Mack |
| | THIS PERSON (Check one) |
| | [X] CLAIMS TO BE AGGRIEVED |
| | [ ] IS FILING ON BEHALF OF ANOTHER |
| Ann Werner, Vice President & Counsel<br>Washington Post Company<br>1150 15th St., N.W.<br>Washington, DC 20071 | DATE OF ALLEGED VIOLATION |
| | Earliest: MAY 08, 2006  Most Recent: MAY 08, 2006 |
| | PLACE OF ALLEGED VIOLATION |
| | EEOC CHARGE NUMBER: 10DA600075 |
| | FEPA CHARGE NUMBER: 2006112E |

**NOTICE OF CHARGE OF DISCRIMINATION** IN JURISDICTIONS WHERE A FEP AGENCY WILL INITIALLY PROCESS
(See attached information sheet for additional Information)

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[X] Title VII of the Civil Rights Act of 1964
[ ] The Age Discrimination in Employment Act Of 1967 (ADEA)
[ ] The Americans with Disabilities Act

HAS BEEN RECEIVED BY

[ ] The EEOC and sent for initial processing to _____
            (FEP Agency)

[X] The Fairfax County Human Rights Commission and sent to the EEOC for dual filing purposes.
       (FEP Agency)

Mile EEOC; has jurisdiction (upon the expiration of any deferral requirement if this is a Title VII or ADA charge) to investigate this Charge, EEOC may refrain from beginning an investigation and await the issuance Of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

[X] As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provisions of Title VII and the ADEA as explained in the 'EEOC Rules and Regulations- apply.

For further correspondence on this matter, please use the charge number(s) shown.

[ ] An Equal Pay Act investigation (29 U.S.C. 206(d)) will be conducted by the Commission concurrently with the Agency's investigation of the charge.
[X] Enclosure: Copy of Charge

BASIS OF DISCRIMINATION
[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NAT. ORIGIN  [ ] AGE  [ ] DISABILITY  [ ] RETALIATION  [ ] OTHER

CIRCUMSTANCES OF ALLEGED VIOLATION

| DATE: MAY 30, 2006 | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL<br>Dana R. Hutter, Acting Director | SIGNATURE<br>Dana R. Hutter |

EEOC FORM 131 -A(Rev. 06/92)

# County of Fairfax, Virginia

To protect and enrich the quality of life for the people, neighborhoods and diverse communities of Fairfax County

HRC # 200611 2E
EEOC # _____

**COMPLAINANT:**

NAME: Mr. William A. Mack  PHONE: (H) (202) 610-2265
ADDRESS: 5300 Deal Drive   CITY: Oxon Hill   STATE: Maryland   ZIP: 20745

**RESPONDENT:**

NAME: Washington Post Company   PHONE: (202) 334-7300
ADDRESS: 1150 15th Street, N.W.  CITY: Washington   STATE: D.C.   ZIP: 20071

**CLASSIFICATION OF COMPLAINT:**

ISSUE
☐ Credit Facilities
☐ Education
☒ Employment
☐ Housing
☐ Public Accommodations

BASIS
☐ Age (Over 40)
☐ Color
☐ Marital Status
☐ Religion
☐ National Origin
☐ Retaliation

☐ Sex
☐ Race
☒ Disability
☐ Familial Status
☐ Other
_____

Please state the nature of your complaint:

I am a man with a disability who from November 23, 1999 to May 8, 2006, was employed with the Respondent as a security guard at their Springfield Plant. On the morning of May 8, 2006, I received a call from Mr. Ulyses Smith, Security Manager and Mr. Gary Corso, Security Director. In that call, my employment was terminated. Mr. Smith informed me the reason for my discharge was abuse of sick time in year 2005. As of my last pay period, I have accumulated 174 hours of sick time, and 77 hours of vacation time.
Any time I had been out for more than three consecutive days, I supplied my employer with doctor notes. My employer knew of my disability, and the long term care it required.

Because of my termination, I believe the respondent discriminated against me due to my disability.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, or belief.

_William A. Mack_
(Signature of Complainant)

Date received by
Human Rights Commission   MAY 24 2006

WilliamMacksc.com

**Human Rights Commission**
12000 Government Center Parkway, Suite 318
Fairfax, Virginia 22035-0093
Phone: (703) 324-2953 ♦ Fax: (703) 324-3570 ♦ TTD: (703) 324-2900
www.fairfaxcounty.gov/hrc

## Mediation Facts Sheet

Under the auspices of its alternative dispute resolution ("ADR") program, the Fairfax County Human Rights Commission ("the Commission") offers parties to a complaint the opportunity to mediate the complaint.

- Mediation is an informal process in which a neutral third party (the mediator), who has no interest in the outcome, assists the opposing parties to reach a voluntary, negotiated resolution of a discrimination complaint. If the mediation attempt is successful, it will result in the closure of the discrimination complaint by the Commission. The decision to mediate is voluntary for both the complainant and the respondent.

- Mediation is a confidential process. Nothing said or done during the course of the mediation will be used against a party in an administrative investigation or civil trial arising from the complaint. The mediation sessions are not tape recorded or transcribed. Notes taken during the mediation process by the mediator are discarded and all parties sign an agreement of confidentiality. The only instances in which confidentiality cannot be guaranteed are when threats of violence are made during the mediation session or when information is revealed during the session that reveals systemic discriminatory practices on the part of the respondent.

- The complainant and the respondent have the right to representation as long as the representative is not a potential witness. Parties to a mediated agreement are encouraged to, and have the right to, seek the advice of an attorney prior to signing any agreement. However, representation is not required for mediation. It is critical that individuals attending the mediation session have the authority to resolve the dispute.

- Mediation usually results in reduced costs, avoids protracted investigation procedures, and leads to a quicker resolution. The majority of mediations are completed in one session, typically lasting one to four hours.

- Agreements resulting from mediation do not constitute an admission by the respondent of any violation of the Fairfax County Human Rights Ordinance. There is no determination of cause. If necessary, the mediator will assist the parties in drafting a settlement agreement. The terms of the agreement will be those negotiated and mutually agreed to by the complainant and the respondent.

- Commission staff conducts the mediation sessions at its offices at the Fairfax County Government Center in Fairfax, Virginia. Neither the Commission nor its staff is a party to any agreement reached. Commission staff does not provide legal advice or representation to either party.

- Parties may attempt mediation through the Commission's ADR program as often as desired. However, if mediation is not sought, or is unsuccessful prior to the commencement of complaint investigation, future efforts will take place while the investigation is ongoing.

# AGREEMENT TO MEDIATE

By signing below, I acknowledge and agree to the following:

Mediation is voluntary. Either the complainant or the respondent may terminate mediation at any time. Mediation may also be terminated at the discretion of the mediator.

The mediator has no authority to make decisions on issues raised by the parties or act as an advocate or attorney for either party. Both parties have the right to representation during the mediation process. Both parties are encouraged to consult with his/her representative for purposes of review prior to signing a settlement agreement.

Statements or notes made during or documents prepared for the mediation process will remain confidential to the fullest extent permitted by law, except for the limited purpose of implementation and enforcement of a resulting negotiated settlement agreement. Acts or threats of violence during the mediation session and disclosures of systemic discriminatory practices will not be kept confidential.

Neither party will solicit the mediator's testimony or request or use as evidence any materials prepared for or used during the mediation in future administrative or judicial proceedings with the exception of a signed settlement agreement. The mediator will not voluntarily serve as a witness or testify on behalf of either party.

The successful mediation of a discrimination complaint will result in the closure of the complaint by the Commission. By entering into an agreement, the respondent avoids liability on the facts of the complaint by agreeing to provide relief for the complainant. The complainant agrees to accept the relief provided by the terms of the mediation agreement, in exchange for giving up his/her potential right to pursue relief granted through an administrative investigation, hearing or a civil trial.

The terms of the mediation agreement will be those negotiated and mutually agreed on by the complainant and the respondent. Neither the mediator nor the Commission will be a party to any agreement.

CAPTION: <u>Mack v. Washington Post Company</u>           HRC #2006112E/EEOC #10DA600075

_____           _____
**Signature**                                 **Date**

                                              (____)____-_____
_____
**Title**                                     **Telephone Number**

Circle: Complainant / Complainant Representative / Respondent / Respondent Representative

**Please Return to:**   Fairfax County Human Rights Commission
                        12000 Government Center Parkway, Suite 318
                        Fairfax, Virginia 22035-0093
                        (703) 324-2953  /  FAX (703) 324-3570

2006112Ehfb.med